OPINION
Appellants Brandi Grutsch and Teresa Fister appeal the decision of the Licking County Court of Common Pleas that granted summary judgment on behalf of Appellee Top Cat Concrete ("Top Cat"). The following facts give rise to this appeal. On April 17, 1998, Appellee Top Cat delivered three loads of concrete to a residence under construction at 6077 Clever Valley Road. Appellant Teresa Fister signed a receipt and Third-Party Defendant Joseph Fister signed two receipts. The residence, under construction, belonged to Teresa and Joseph Fister. On the date of the injury, Appellant Brandi Grutsch stayed home from school to assist in the pouring of the footers for the new residence. Joseph Fister purchased knee-high rubber boots for Brandi to wear, which she wore over a pair of shoes. Brandi also wore long pants, a jacket and gloves. Brandi assisted by helping move the concrete along the footer forms as it was discharged from the truck containing the concrete. Despite the fact that Brandi wore protective clothing, she came in contact with the concrete and sustained injuries. As a result of her injuries, on March 1, 1999, appellants filed a complaint against Appellee Top Cat alleging negligence and strict liability for injuries suffered by Brandi. Appellant Teresa Fister filed a claim for loss of consortium. Appellee Top Cat filed an answer and named Joseph Fister as a third-party defendant. Appellee Top Cat also filed a counterclaim alleging negligent supervision by Appellant Teresa Fister claiming a right of contribution from Teresa Fister for any liability incurred by Appellee Top Cat for damages to Appellant Brandi Grutsch. On November 29, 1999, Appellee Top Cat filed a motion for summary judgment. Appellants filed a motion for partial summary judgment regarding the adequacy of the written warning. The trial court granted Appellee Top Cat's motion for summary judgment and denied appellants' partial summary judgment motion on February 2, 2000. Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SINCE THE WARNING ON THE INVOICE WAS INADEQUATE AS A MATTER OF LAW AND/OR CREATED A GENUINE ISSUE OF MATERIAL FACT.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellants' sole assignment of error. I Appellants contend, in their sole assignment of error, that the trial court erred when it found the warning contained in the delivery receipt adequately warned Appellant Brandi Grutsch of the risk of injury associated with physical contact with the concrete. We agree on the basis that the issue of "adequacy" presents a jury question. The three receipts signed by Teresa and Joseph Fister contained the following language in red lettering: WARNING IRRITATING TO THE SKIN AND EYES Contains Portland cement. Wear Rubber Boots and Gloves. PROLONGED CONTACT MAY CAUSE BURNS. Avoid Contact with Eyes and Prolonged Contact With Skin. In Case of Contact With Skin or Eyes, Flush Thoroughly With Water. If Irritation Persists, Get Medical Attention. KEEP CHILDREN AWAY. * * *
In granting Appellee Top Cat's motion for summary judgment, the trial court found that reasonable minds could only conclude that the three warnings provided by Appellee Top Cat, to appellants, were the type of warnings a reasonable person would make in presenting concrete to the public. Judgment Entry, Feb. 2, 2000, at 3. The trial court also concluded that appellants knew that physical contact with concrete could be dangerous based on the special clothing Joseph Fister purchased for Appellant Brandi Grutsch to wear. Id. at 5. We find, based on our review of the trial court's judgment entry, that the trial court identified the applicable law in determining adequacy of a warning. However, in applying the applicable law to the issue of whether the warning was "adequate", the trial court addressed an issue that is properly left to the determination of a jury. In support of our conclusion, we cite to the case of Seley v. G.D. Searle Co. (1981), 67 Ohio St.2d 192. The Seley case involved the adequacy of a warning for the oral contraceptive "Ovulen." The Ohio Supreme Court held that "[t]he `adequacy' of such warning is a question of fact to be determined by a preponderance of the evidence." Id. at paragraph two of the syllabus. The Court explained that: [i]nitially, the fact finder must decide whether the warning provided was `adequate.' The question of the adequacy of the warning given in strict liability cases has been deemed to be perhaps the central issue in determining whether the product is unreasonably dangerous within the concept of strict liability as set forth in Section 402 A of the Restatement. Lawson v. G.D. Searle Co. (1976), 64 Ill.2d 543, 356 N.E.2d 779. Where the fact finder finds that an adequate warning was provided, the action must be determined in favor of the manufacturer irrespective of whether the plaintiff's use of the drug was, in fact, causally connected to the plaintiff's injury, and despite the fact that the product in unavoidably unsafe. Id. at 197.
Based on the Seley decision, we find the trial court improperly addressed the issue of the adequacy of the warning contained in the three receipts. The adequacy of the warning contained in the receipts presents an issue for the jury to determine. Accordingly, we sustain appellants' sole assignment of error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion. By: Wise, J. Reader, V. J., concurs. Hoffman, P.J., concurs separately.